# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TAVON M. MAYS,**

    **Plaintiff,**

v.                                  Civil Action 2:21-cv-2602
                                      Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Kimberly A. Jolson

**SHERIFF DALLAS BALDWIN,**

    **Defendant.**

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on the June 25, 2021, Show Cause Order. (Doc. 4). For the following reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is **GRANTED** and the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute under Rule 41.

**I.    BACKGROUND**

Plaintiff filed the instant action on May 19, 2021, along with a Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). The allegations in Plaintiff's Complaint stem from his arrest and imprisonment on March 16, 2019. (*See generally* Doc. 1-1). Notably, in the past year and a half, Plaintiff has filed several lawsuits in this Court related to his March 2019 arrest and imprisonment. *See Mays v. The Columbus Police Dept. et al.*, No 2:20-cv-1060 (S.D. Ohio Feb. 26, 2020); *see also Mays v. Franklin County Correctional Center I*, No. 2:21-cv-986 (S.D. Ohio Mar. 9, 2021). In fact, upon review the Court determined the cases were related to one another. (*See* Docs. 2, 3).

In Plaintiff's first suit, *Mays v. The Columbus Police Dept. et al.*, he alleges that the Columbus Police Department ("CPD") and a number of its officers violated his constitutional rights when they arrested him for violating a protective order. *See* No. 2:20-cv-1060 at (Doc. 3).

The parties in that action have completed discovery and Defendants have moved for summary judgment. *See id*. at (Doc. 29). About a year after filing that action, Plaintiff filed another case, *Mays v. Franklin County Correctional Center I*, asserting claims against the Franklin County Correctional Center I ("FCCC") also stemming from his March 2019 arrest and imprisonment. *See* No. 2:21-cv-986 at (Doc. 1-1). Noticing this similarity, the Court ordered Plaintiff to show good cause why that action should not be consolidated with his first case against CPD. *Id*. at (Doc. 4). On April 1, 2021, Plaintiff filed a Notice of Related Case Memorandum agreeing that the two cases "should be ran concurrent, consolidated." *See* No. 2:20-cv-1060 at (Doc. 19). Accordingly, the Court dismissed the second case and directed Plaintiff to file a motion to amend his complaint in Case No. 2:20-cv-1060. *See* No. 2:21-cv-986 at (Doc. 5).

Here, Plaintiff is again seeking to initiate an entirely new action when the proper procedure would be to seek leave to amend in his first case. Specifically, Plaintiff's Complaint alleges the same allegations as in his previous two cases, this time against Sherriff Dallas Baldwin. (*See generally* Doc. 1-1). After recognizing this similarity again, the Court ordered Plaintiff to show good cause why this action should not be consolidated with case number 2:20-cv-1060. (*See* Doc. 4). As of the date of this Report and Recommendation, Plaintiff has not responded to that Order.

## II.    STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court

as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III. DISCUSSION

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded well over two months to respond, Plaintiff has still not responded to the Court's Show Cause Order. (*See* Doc. 4). Plaintiff complied with a similar Court order in the related case and has offered no reason why he has not been similarly diligent here. *See* No. 2:20-cv-1060 at (Doc. 19) (responding to the Court's Show Cause Order, agreeing to consolidate No. 2:21-cv-986 with No. 2:20-cv-1060). Clearly, Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

While no Defendant has been served—so there is little risk of prejudice—the remaining factors also weigh in favor of dismissal. In each of his cases, the Court has made clear to Plaintiff that to the extent he seeks to add additional Defendants, the proper procedure is to seek leave to amend, not initiate a new case. *See* No. 2:20-cv-1060 at (Doc. 20) (dismissing Case No. 2:21-cv-

3

986 and directing Plaintiff to file a motion to amend); *see also* No. 2:21-cv-986 at (Doc. 5) (same). Furthermore, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is **GRANTED** and the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

4

evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  September 14, 2021                                      /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE